**ORIGINAL**

```
 1  BARRY L. SILVER, ESQ., State Bar No. 094862
    LAW OFFICES OF BARRY L. SILVER
 2  1875 CENTURY PARK EAST, SUITE 1000
    LOS ANGELES, CA 90067
 3  TELEPHONE: (310) 284-3400
    FAX: (310) 772-0037
 4
    Attorneys for Plaintiff MITCHELL S. MORRISON
 5
```

FILED-SOUTHERN DIVISION
CLERK, U.S. DISTRICT COURT
MAY 23 2005
CENTRAL DISTRICT OF CALIFORNIA
BY ___ DEPUTY

LODGED
2005 MAY 23 PH 1:51

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MITCHELL S. MORRISON,<br><br>Plaintiff,<br><br>v.<br><br>MICHAEL ERIC NELSON;<br>and DOES 1-10,<br>inclusive,<br><br>Defendants. | Case No. SACV05-0226 DOC MLGx<br><br>**STIPULATION FOR DISMISSAL**<br><br>✓ Priority<br>✓ Send<br>___ Clsd<br>✓ Enter<br>✓ JS-5/JS-6<br>___ JS-2/JS-3 |

IT IS HEREBY STIPULATED by and between the parties to this action through their designated counsel that the above-captioned action be and hereby is dismissed with prejudice pursuant to FRCP 41(a)(1) in accordance with the terms and conditions set forth in a Mutual Release and Settlement Agreement dated May 20, 2005, a true and correct copy of which is attached hereto as Exhibit "A" and incorporated herein by this reference as though fully set forth.

///
///

DOCKETED ON CM
MAY 25 2005
040
BY ___

1
Stipulation for Dismissal

20 May '05

| | |
|---|---|
| 1 | |
| 2 | |
| 3 DATED: May 20, 2005 | _____<br>Harry L. Silver<br>Attorney for Plaintiff |
| 4 | |
| 5 | |
| 6 DATED: May 20, 2005 | _____<br>Michael Eric Nelson<br>Defendant, pro se |
| 7 | |
| 8 | |

1
2
3  DATED: May 20, 2005
4
5
6  DATED: May 20, 2005
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28                                                        _____
                                                         20 May 05

2
Stipulation for Dismissal

## MUTUAL RELEASE AND SETTLEMENT AGREEMENT

This Mutual Release and Settlement Agreement ("AGREEMENT") is entered into by and between MITCHELL Steven MORRISON ("MITCHELL"), BONNIE MORRISON, KEYLAN MORRISON (collectively the "MORRISONS") and MICHAEL ERIC NELSON ("NELSON").

## WITNESSETH

WHEREAS, a controversy has arisen between the MORRISONS, on the one hand and NELSON on the other concerning publication which commenced, during 2003 of certain materials and statements over the internet about which MORRISONS are the subjects and NELSON is an administrator and editor for the website the publications appeared upon. These statements concerning MORRISON have been, and continue to be accessible to internet users on the website http://www.securitiesfraud.org, which NELSON either controls, or has the right to control/influence. In essence, MORRISON maintains that the subject matter statements are false, defamatory and injurious to MORRISON both in his personal and professional life. MORRISON further contends that he has suffered economic damages as the result of the aforedescribed statements. As a result, MORRISON claims that NELSON is liable to him for damages which are the natural and probable consequence of the instant defamation; and

WHEREAS, NELSON denies that the statements are defamatory, he thereby denies liability for any damages which may have resulted to MORRISON.

WHEREAS, MORRISON and NELSON desire to forever settle, conclude, and determine all disputes, contentions, disagreements, and issues existing between them arising from the above recited instances, transactions or otherwise without cost to either party or the courts; and

1

20 May '05

WHEREAS, the parties hereto desire to reduce to writing this AGREEMENT of Settlement and Release:

NOW, THEREFORE, in consideration of the recitals as set forth hereinabove and each and all of the covenants, agreements, and releases hereinafter set forth, the parties, and each of them, do hereby agree as follows:

## FACTUAL SUMMARY

This AGREEMENT is entered into with reference to the above, recited essential facts which led to the filing of a Complaint in the United States District Court for the Central District of California as Case No. SACV05 0226 DOC MLGx entitled <u>Mitchell S. Morrison vs. Michael Eric Nelson, et al.</u> ("the ACTION").

(1) In consideration of NELSON's representation and promise that he will cause to be removed from the internet website www.securitiesfraud.org within 15 days of the filing of this mutual release and settlement agreement with the Court, the alleged subject matter defamatory statements concerning MORRISON, his heirs, assigns, successors, collectively and individually, jointly and severally will hereby release, remise, and forever discharge NELSON, his past and present agents, corporate entities, servants, employees, and attorneys from any and all claims, debts, accounts, reckonings, obligations, costs, expenses, liens, damages, losses, liabilities, demands, actions, causes of action, of every kind and nature whatsoever whether now known or unknown, suspected or unsuspected that MORRISON, collectively or individually, now owns or holds or may at any time heretofore after the time of completion have owned, held or could have held, shall or may own or hold to the date of the execution of this AGREEMENT, concerning duties and obligations arising out of the facts, or circumstances pursuant to the above-mentioned factual setting.

2

05/20/2005  17:02  POSTNET NU140 → 13107720037                                    NO.754  D06
Case 8:05-cv-00226-DOC-MLG  Document 9  Filed 05/23/05  Page 5 of 8  Page ID #:10

May 20 2005 3:02PM  HP LASERJET FAX                    910-286-9410              p.4

(2)    In consideration of the filing of a Request for Dismissal with Prejudice of the ACTION by MORRISON, coupled with MORRISON'S representation and promise that on a permanent basis that he (MORRISON), nor his wife BONNIE and/or his daughter KAYLEN, together with their agents, servants, representatives, employees, attorneys, successors, assigns or other individuals or entities controlled by or affiliated with each and all those in privity or active concert or participation with the aforementioned which receive actual notice of this mutual release and settlement agreement shall be permanently restrained and enjoined, from trespassing on the property of, or contacting by telephone, email, facsimile or other communications device, Nelson, his mother and father, younger brother, family members, corporate entities, organizations, vendors, their respective employees, contractors or any of their respective family members at HOME or AT WORK. The MORRISONS further agree to sign any order issued in any court which NELSON or any family member or business associate apply for such permanent injunction; NELSON, his heirs, assigns, successors, collectively and individually, jointly and severally hereby will release, remise, and forever discharge MORRISON, his past and present agents, corporate entities, servants, employees, and attorneys from any and all claims, debts, accounts, reckonings, obligations, costs, expenses, liens, damages, losses, liabilities, demands, actions, causes of action, of every kind and nature whatsoever whether now known or unknown, suspected or unsuspected that NELSON or any of them, collectively or individually, now owned or to be owned, or hold or may at any time heretofore have owned, held or could have held, shall or may own or hold to the date of the execution and faithful performance of this AGREEMENT and arising out of the facts or circumstances pursuant to the above mentioned factual setting.

(3)    MORRISON and NELSON and each of them, expressly waive and relinquish all rights that they presently have against the other, and include their Agreement to

3

extend such Release to claims which they either presently know or suspect exist in the parties respective favor so that this Release resolves, fully and completely all affairs concerning these parties as the date of execution hereof.

(4) Each party to this AGREEMENT shall bear his own costs.

(5) This AGREEMENT constitutes the entire agreement of the parties hereto, and each of them warrants and represents to the other that no representations, warranties, statements, or assurances, other than those specifically set forth herein, have been relied upon in entering into this AGREEMENT.

(6) MORRISON and NELSON, and each of them, warrant and represent to the other that the claims released hereby have not been assigned to any third party.

(7) MORRISON and NELSON, and each of them, warrant and represent to the other that each has had the opportunity to consult with counsel as concerns the meaning and advisability of entry into this AGREEMENT.

(8) In the event any part hereto institutes an action against the other on a claim arising out of this AGREEMENT, then the prevailing party in that action shall receive his costs and reasonable attorneys' fees. Furthermore, execution of this AGREEMENT does not confer jurisdiction upon the United States District Court for the Central District of California to adjudicate dispute arising under this Agreement.

(9) This AGREEMENT shall be governed by and construed in accordance with the controlling law recognized by the United States District Court for the US District of Las Vegas, Nevada is located.

(10) This AGREEMENT is binding upon the parties hereto and shall be binding upon their successors, heirs, and assigns, and each of them, and their agents, servants,

4

20 May 05

employees, past or present, and cannot be modified, altered or amended orally, but only in writing executed by duly authorized representatives of the parties to be charged herewith.

(11) The warranties and representations of this AGREEMENT are deemed to commence as of the date of execution hereof.

(12) This AGREEMENT constitutes a single, integrated written contract expressing the entire agreement of the parties hereto relative to the subject matter hereof. No covenants, agreements, representations, or warranties of any kind whatsoever have been made by any party hereto, except as specifically set forth in this AGREEMENT. Furthermore, this AGREEMENT contains the entire agreement and understanding concerning the subject matter hereof and supersedes and replaces all prior negotiations and proposed agreements written or oral.

(13) In the event that any provision of this AGREEMENT should be held to be void, voidable, or unenforceable, the remaining portions hereof shall remain in full force and effect, unless if to do so would frustrate the intent of this AGREEMENT, and each remaining term and provision of this AGREEMENT shall be valid and enforceable to the fullest extent permitted by law.

(14) This AGREEMENT may be executed in counterpart, each counterpart execution shall be returned to be assembled thereby constituting the "entire agreement" as described in Paragraph 12, above. This AGREEMENT is not valid until signed by all persons and entities appearing below.

[SIGNATURES TO FOLLOW]

*[signature]*
*20 May '05*

5

05/20/2005 17:02 POSTNET NV140 → 13107720037 NO.754 D09
Case 8:05-cv-00226-DOC-MLG Document 9 Filed 05/23/05 Page 8 of 8 Page ID #:13

May 20 2005 3:04PM  HP LASERJET FAX             310-286-9410           P.7
FROM :morris06              FAX NO. :9496583724      May. 20 2005 09:18PM P1
    May 20 2005 1:35PM   HP LASERJET FAX           310-286-9410        P.7

APPROVED AS TO FORM AND SUBSTANCE
BY COUNSEL AS FOLLOWS:

FOR MORRISON:

_____      DATED: 5/20/05
BARRY L. SILVER
Attorney for MORRISON

PARTIES:

MORRISONS:

_____      DATED: 5/20/05
MITCHELL B. MORRISON

_____      DATED: 5/20/05
BONNIE MORRISON

_____      DATED: 5-20-05
KEYLAN MORRISON

FOR NELSON:

_____      DATED: 5-20-05
MICHAEL ERIC NELSON

Final Mutual Release & Settlement Agreement
Approved pages numbered 2-6 Bottom 2-5
Rec'v'd May 20th 2005 3:01pm from: 310-286-9410
Bottom Right hand corner
of each page initialed w/ date

                                                    20 May 05